Thomasson *v.* Agnew.

---

## St. Clair Thomasson *vs.* James Agnew.

On the first trial of this case, judgment was rendered in favor of T., but a new trial was granted, and a bill of exceptions, setting out the testimony, to the order granting the same. On the second trial, a verdict was found in favor of A. *Held,* that the court erred in granting a new trial after the first verdict of the jury.

T. being the captain of a steamboat, and A. the owner of a wharf-boat, if T. landed his boat with the usual care, skill, and prudence, that steamboats are landed under like circumstances, and the injury resulted from inevitable accident, then T. should not be liable for damages done to A.'s wharf-boat. *Held,* that the first judgment in favor of T. was correct.

On appeal from the circuit court of Adams county; Hon. Stanhope Posey, judge.

The record shows, that the night on which said injury was charged to have been done was extremely dark, and that a violent storm was raging, with the wind blowing very hard down stream, and against plaintiff's wharf-boat. This appears both from the evidence of the plaintiff and that of defendant.

It was further proved, on the part of defendant, by a witness who was standing on the outer guard of said wharf-boat, when the defendant landed his steamer Concordia by the side of said wharf-boat, and that said witness was confident no injury was done at the time of landing said steamer, as he, the said witness, went on board of said steamer and remained in the social hall of the same some fifteen or twenty minutes before retiring to rest, and that during this time said Thomasson came down from the upper part of his boat completely drenched with rain. Witness was further confident, if any injury had been done by defendant in landing his boat, he, witness, would have known it; and that it was not until after he had retired as aforesaid, that he heard the alarm that the wharf-boat was loose. Witness was further of the opinion that the defendant landed his boat as prudently and carefully as it was possible, owing to the extreme darkness of the night and the violence of the storm.

Defendant further proved that plaintiff's wharf-boat was very old and very rotten, by several witnesses who were well acquainted with the age and sufficiency of said wharf-boat.

*L. Madison Day*, for plaintiff in error.

*J. Hewett*, for defendant in error.

Mr. Justice YERGER delivered the opinion of the court.

The plaintiff in error, the captain of a steamboat, was sued in trespass, for damages done to the defendant's wharf-boat, in carelessly and negligently landing a steamboat against it. On the first trial the jury found a verdict for Thomasson; but a new trial was granted, and a bill of exceptions setting out the evidence was taken to the order granting the same. On the second trial a verdict was found against Thomasson, and none of the

Thomasson *v.* Agnew.

evidence is set out in the record. The only error assigned is the granting of the new trial. We think the court erred in granting it. There is nothing, in our opinion, that justified the court in doing so. The proof in the record shows that the boat landed about eleven o'clock at night, in the month of December; that at the time of landing it was very dark and stormy, and that the wind was blowing very hard towards the shore and down the river, and that the boat landed as well as boats usually do under similar circumstances; and also, that the wharf-boat was very old, rotten, and leaky. This is in substance all the proof in the cause. On this evidence, we think it clear that the defendant ought not to have been held liable for the damages done to the wharf-boat. The wharf-boat was intended by the plaintiff as a landing for steamboats. In landing his steamboat, the defendant was in the exercise of a legal right; and if, in the exercise of that right, any injury was done to the wharf-boat, the defendant is not liable for damages resulting therefrom, unless occasioned by his want of the usual and ordinary care, skill, and prudence exercised in like cases. If the injury resulted from inevitable accident, and the defendant could not have prevented it, owing to the darkness of the night and the force of the wind, or other cause over which he had no control, and the landing was made with the usual and ordinary skill and prudence that boats are landed under like circumstances, the defendant should not have been held liable. We think the first verdict was right, and should not have been set aside. We, therefore, reverse the judgment of the court in favor of the plaintiff on the second trial, and set aside the verdict of the jury on that trial; we also reverse the order granting the new trial, and setting aside the first verdict in favor of Thomasson, and enter a judgment on that verdict in his favor in this court.

Judgment reversed.